**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DAVID LEON THOMAS,

    Plaintiff,

    v.

REPORTING OFFICER R. PORTER,

    Defendant.

Civil Action No. 24-3390-TDC

**MEMORANDUM OPINION**

Plaintiff David Leon Thomas, a Maryland state inmate currently confined at Western Correctional Institution ("WCI") in Cumberland, Maryland, has filed this Complaint pursuant to 42 U.S.C. § 1983 in which he alleges that Defendant Richard Porter, a WCI correctional officer, violated his constitutional rights by failing to protect him from being assaulted and robbed by three other inmates. Porter has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Porter's Motion, construed as a Motion to Dismiss, will be granted.

**BACKGROUND**

In the Complaint, Thomas alleges the following relevant facts, which the Court accepts as true for purposes of resolving the Motion to Dismiss. On October 20, 2024 at approximately 8:00 p.m., Thomas was in his cell on the A-tier at WCI and was gathering his shower gear, food, and chair for recreation time. When his cell door opened, Thomas came face-to-face with another inmate, Nasir George, who was holding food in his hand. George asked Thomas if he wanted to

exchange candy for the food. Thomas agreed and turned to walk back into his cell to retrieve the candy. At that point, George grabbed Thomas from behind and put him into a "bear-hug position." Compl. at 2, ECF No. 1. Another inmate, Shaaheen Gibson-Bey, then arrived and punched and kicked Thomas until he was forced onto the floor and sustained an injury to his shoulder. Gibson-Bey prevented the cell door from closing to allow a third inmate, Christopher Engles, to enter Thomas's cell with a large knife. As Engles guarded Thomas, Gibson-Bey packed into a bag Thomas's possessions, including a television, an Xbox, two video games, various cords, underwear, shirts, socks, shorts, jeans, and a pair of boots. All three inmates then exited the cell with Thomas's property and removed whatever they had used to stop the cell door from closing.

According to Thomas, Porter, without any sense of urgency, arrived at Thomas's cell about two to three seconds after the assault and robbery ended. Porter directed Thomas to submit to handcuffing so that he could be transported to a hospital for medical treatment. Thomas was charged with two rule violations, both of which were dismissed after a hearing officer reviewed the security video footage.

Thomas asserts that correctional officers working on the A-tier at WCI are supposed to remain at their posts in case of emergency. On the day of this incident, Porter was assigned to the Housing Unit 5 Control Center, and at the time of the assault, he was in the process of "switching recreation" groups. *Id.* at 3. Thomas alleges that Porter failed to make sure that all inmates in the previous recreation group, including George and Gibson-Bey, had returned to their cells and were locked in before he opened the cell doors to allow Thomas and the rest of his recreation group to leave their cells for recreation time. He further claims that Porter saw a warning light on the control panel signifying that Thomas's cell door was not secured, but he did not respond to it and took no action until George, Gibson-Bey, and Engles ran out of Thomas's cell with his property.

2

Thoms filed an administrative grievance relating to this incident, which was denied. Thomas filed an appeal of that denial, which was dismissed on procedural grounds.

In the Complaint, Thomas alleged that Porter, George, Gibson-Bey, and Engles violated his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment, based on the failure to protect him from the assault and robbery. He seeks compensatory and punitive damages for his injuries. After the Court dismissed the claims against George, Gibson-Bey, and Engles because they are private persons who were not acting under color state law when they allegedly robbed and assaulted Thomas, Porter filed the pending Motion.

## DISCUSSION

In his Motion, Porter seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56. Porter's arguments that the Motion should be granted include that (1) he is entitled to immunity from claims against him in his official capacity, pursuant to the Eleventh Amendment to the United States Constitution; (2) Thomas failed to exhaust administrative remedies before filing the Complaint; (3) Thomas has failed to allege sufficient facts to state a viable Eighth Amendment claim based on a failure to protect an inmate; and (4) Porter is entitled to qualified immunity.

## I.     Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the

3

plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

With the Motion, Porter has submitted certain exhibits. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Rule 12(d) requires courts to treat such a motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).

Here, the notice requirement has been satisfied by the title of Porter's Motion. As to the second requirement, the nonmoving party can show that a reasonable opportunity for discovery has not been afforded by filing an affidavit or declaration under Rule 56(d), or another filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002). In a Motion for Extension of Time, Thomas has requested additional time for discovery pursuant to Rule 56(d) prior to any ruling on summary judgment. Porter has opposed that request.

4

Upon review, the Court finds that the Motion may be resolved without relying on the submitted exhibits. Accordingly, it will deny the request for discovery, deny the related Motion for an Extension of Time, and construe the Motion only as a Motion to Dismiss under Rule 12(b)(6).

## II.      Eleventh Amendment Immunity

Porter first asserts that he is immune from claims against him in his official capacity based on the Eleventh Amendment, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In effect, the Eleventh Amendment bars suits for damages against a state in federal court unless the state has waived sovereign immunity or Congress has abrogated its immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). "[A] suit against a state official in his or her official capacity is . . . a suit against the official's office" and thus is the equivalent of "a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Although Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a) (West 2021), it has not waived its immunity under the Eleventh Amendment to a suit of this kind in federal court. Accordingly, Porter is immune from suit for actions taken in his official capacity. Any such claim will be dismissed.

### III.    Eighth Amendment

Porter seeks dismissal of the Eighth Amendment claim based on the alleged failure to protect Thomas from the assault and robbery on October 20, 2024. The Eighth Amendment protects prison inmates from "cruel and unusual punishments." U.S. Const. amend. VIII. Though an Eighth Amendment claim could arise from a failure to protect an inmate from an assault by another inmate, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *See Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk of such an injury. *Id.* (quoting *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014)). Subjectively, the prisoner must establish that the prison officials exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Such deliberate indifference exists if there was a substantial risk of serious harm that was "longstanding, pervasive, well-documented, or noted by prison officials in the past," and the prison official in question had been exposed to that information but did not reasonably respond to it. *Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016). Deliberate indifference also exists when prison officials were "aware that the plaintiff inmate face[d] a serious danger to his safety and they could avert the danger easily yet they fail[ed] to do so." *Id.* Where prison officials respond reasonably to the risk, they are not liable even if the harm was not ultimately averted. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Thomas's allegation that he suffered a significant shoulder injury requiring his immediate transport to a hospital for treatment is sufficient to satisfy the objective element of a failure-to-protect claim. Thomas, however, has failed to plead facts sufficient to satisfy the subjective element, that Porter was deliberately indifferent to a known risk of harm. Thomas does not claim that Porter had any advanced notice that he was at a risk of harm from the three assailants or anyone else. He does not allege that any of them were on a prison list of known enemies from whom he was required to be separated, or that he even informally notified Porter of any potential safety risks posed by the inmates. Indeed, Thomas has alleged no facts showing that he himself had any reason to believe that George, Gibson-Bey, or Engles might seek to assault him, rob him, or otherwise cause harm to him. Rather, where Thomas recounted that when George appeared at his cell requesting to swap food items, he agreed and turned away from George to get the candy, the allegations demonstrate that Thomas did not anticipate any danger from the encounter. Having failed to establish that Porter had subjective knowledge that any of the three inmates posed a safety risk to Thomas, he cannot establish that Porter acted with deliberate indifference to a known risk of harm.

Moreover, the allegation that Porter failed to ensure that all inmates from the early recreation session were locked in their cells before he opened the cell doors of Thomas and the other inmates participating in the following recreation session does not support an inference of deliberate indifference because there are no facts showing that such an apparent oversight created a known risk of harm to Thomas, whether from George, Gibson-Bey, Engles, or anyone else. Likewise, to the extent that Thomas relies on his assertion that Porter failed to react quickly to the warning light showing that Thomas's cell door had not fully closed, he fails to provide facts showing that this indicator gave Porter subjective knowledge that Thomas was in danger from an

assault by other inmates. Under these circumstances, Thomas's allegation that Porter arrived "2 to 3 seconds after the assault," does not show such deliberate indifference. Compl. at 3. Where Thomas has failed to plead facts sufficient to show that Porter acted with deliberate indifference to a known risk of harm, the Court will grant the Motion to Dismiss. The Court therefore need not address Porter's remaining arguments for dismissal.

## CONCLUSION

For the foregoing reasons, Porter's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, construed as a Motion to Dismiss, will be granted and the Complaint will be dismissed. A separate Order shall issue.

Date: July 8, 2026

THEODORE D. CHUANG
United States District Judge

8